# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

BILLY G. GARNER,
                Appellant,

        v.

OFFICE OF PERSONNEL
   MANAGEMENT,
                Agency.

DOCKET NUMBER
DA-0845-15-0203-I-1

DATE: September 18, 2015

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Billy G. Garner, Cade, Louisiana, pro se.

Karla W. Yeakle, Washington, D.C., for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

## FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which dismissed his Federal Employees' Retirement System (FERS) disability retirement benefits appeal for lack of jurisdiction. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. See 5 C.F.R. § 1201.117(c).

material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

¶2 The appellant entered into disability retirement under FERS effective December 20, 2005, and began receiving annuity payments the following year. Initial Appeal File (IAF), Tab 6 at 25, 36, 42, 57-58. In May 2014, the Office of Personnel Management (OPM) notified the appellant that it had been overpaying him for the past 8 years because it had neglected to figure his Social Security benefits into the annuity calculation. *Id*. at 18-19, 24. It reduced his monthly annuity from $1,498.00 to $843.00, and informed him that it also intended to collect $59,995.14 in overpayment. *Id*. at 18, 24. OPM notified the appellant of his right to request reconsideration within 30 days. *Id*. On June 9, 2014, the appellant timely requested reconsideration of the decision and waiver of any overpayment. *Id*. at 9-13.

¶3 Having heard nothing from OPM for 7 months, the appellant filed the instant Board appeal on January 14, 2015, requesting that the Board reverse OPM's decision. IAF, Tab 1 at 1-4. The appellant did not request a hearing. *Id*. at 1. OPM responded, moving to dismiss the appeal on the basis that it had not yet rendered a final decision but still intended to do so. IAF, Tab 7 at 4. The

appellant did not respond to OPM's motion, and the administrative judge dismissed the appeal for lack of jurisdiction.  IAF, Tab 9, Initial Decision (ID) at 2, 4.  The appellant has filed a petition for review, Petition for Review (PFR) File, Tab 1, OPM has filed a response, PFR File, Tab 4, and the appellant has filed a reply, PFR File, Tab 5.

¶4    The Board's jurisdiction to adjudicate FERS appeals derives from statute:

> [A]n administrative action or order affecting the rights or interests of an individual or the United States under [FERS] administered by [OPM] may be appealed to the Merit Systems Protection Board under procedures prescribed by the Board.

5 U.S.C. § 8461(e)(1).

¶5    For purposes of OPM decisions under FERS, the Board has recognized three situations in which OPM is deemed to have issued an appealable action or order. *Okello v. Office of Personnel Management*, 120 M.S.P.R. 498, ¶ 14 (2014).  Two of those situations are prescribed by OPM's regulations:  OPM may either (1) issue a reconsideration decision under 5 C.F.R. § 841.306 or (2) issue an initial decision without reconsideration rights under 5 C.F.R. § 841.307.  Either type of decision is final and appealable to the Board under 5 C.F.R. § 831.308.  *See* 5 C.F.R. §§ 831.306(e), .307.  The third situation derives from Board case law.  Specifically, the Board will take jurisdiction over an appeal concerning a retirement matter in which OPM has refused or improperly failed to issue a final decision.  *E.g.*, *McNeese v. Office of Personnel Management*, 61 M.S.P.R. 70, 74, *aff'd sub nom. McNeese v. Merit Systems Protection Board*, 40 F.3d 1250 (Fed. Cir. 1994) (Table).  In other words, even an initial decision subject to reconsideration or the absence of any decision at all may, under appropriate circumstances, constitute a final administrative action under 5 U.S.C. § 8461(e)(1).

¶6    In this case, it is undisputed that OPM has not issued a final decision under 5 C.F.R. § 841.308.  The appellant, however, argues that OPM's failure to do so constitutes a final, appealable administrative action under the Board's case law.

Specifically, he argues that, contrary to the administrative judge's finding below, he did contact OPM multiple times prior to filing his Board appeal. PFR File, Tab 1 at 5; ID at 3. He has attached copies of letters to OPM dated September 30, 2014, and October 5, 2014, asking for a decision on his reconsideration request.[2] PFR File, Tab 1 at 9-10. The appellant argues that this case is like *Okello*, 120 M.S.P.R. 498, in which the Board found that OPM's lengthy delay and repeated administrative missteps in issuing a final, appealable decision constituted a sufficient basis for the Board to take jurisdiction over the appeal. PFR File, Tab 1 at 3-5, Tab 5 at 2.

¶7        We disagree. OPM is the agency with primary statutory authority to adjudicate FERS annuity cases and to issue related regulations. Only under extraordinary circumstances will the Board assume jurisdiction outside the plain language of those regulations. *See Okello*, 120 M.S.P.R. 498, ¶ 15. We acknowledge that the appellant waited a significant amount of time for OPM's reconsideration decision before filing his Board appeal.[3] We also acknowledge that the appellant twice contacted OPM to inquire about the status of his reconsideration request and that OPM failed to respond to the appellant's inquiries. IAF, Tab 1 at 1; PFR File, Tab 1 at 5, 9-10. However, the facts of this case do not approach the grievous circumstances present in *Okello*, which

---

[2] The Board will not normally consider evidence submitted for the first time with the petition for review absent a showing that it was unavailable before the record was closed despite the party's due diligence. *Avansino v. U.S. Postal Service*, 3 M.S.P.R. 211, 214 (1980). However, in light of the appellant's pro se status and the lack of timely notice below that this information would be relevant to the jurisdictional issue, we have considered the letters that the appellant filed for the first time on review. PFR File, Tab 1 at 9-10; *see McCray v. Department of the Navy*, 80 M.S.P.R. 154, ¶ 7 (1998) (the Board will consider evidence filed for the first time on review when the appellant was not notified of what is required to establish jurisdiction until the issuance of the initial decision).

[3] OPM's continued delay in issuing a reconsideration decision may be attributable to the ongoing litigation in this case. *See Okello*, 120 M.S.P.R. 498, ¶ 16 n.4; *McNeese*, 61 M.S.P.R. at 74.

included a 6-year delay plus numerous abortive decisions and administrative errors, such that the Board could find that OPM had effectively abdicated its role of adjudicating the appellant's reconsideration request. 120 M.S.P.R. 498, ¶¶ 3-11. Nor do the facts of this case indicate that OPM intends not to issue any further decision in this matter. *Cf., e.g.*, *Luna v. Office of Personnel Management*, 89 M.S.P.R. 465, ¶ 9 (2001); *DoPadre v. Office of Personnel Management*, 69 M.S.P.R. 346, 351 (1996); *Richards v. Office of Personnel Management*, 29 M.S.P.R. 310, 312 (1985). To the contrary, OPM stated plainly below, and on review, that it will issue a final decision with notice of Board appeal rights once the instant appeal is dismissed. IAF, Tab 7 at 4; PFR File, Tab 4 at 4. At this stage of the proceedings, we must accept OPM's assertions at face value. *See Fagone v. Office of Personnel Management*, 85 M.S.P.R. 49, ¶ 11 (2000) (the Board accepted OPM's assertion that it was willing to issue a final decision upon the conclusion of the Board appeal).

¶8      The appellant also argues that the administrative judge treated OPM more favorably by excusing the untimeliness of its response to the acknowledgment order. PFR File, Tab 1 at 6. We agree with the appellant that OPM's response to the acknowledgment order was significantly untimely. IAF, Tab 2 at 1, 6, Tab 7. However, an administrative judge has broad discretion to govern the proceedings before him, including the authority to receive relevant evidence. 5 C.F.R. § 1201.41(b)(3). We find that the administrative judge did not abuse his discretion in accepting OPM's untimely response to the acknowledgment order, especially considering that OPM's response implicated the Board's jurisdiction. *See Pennington v. Department of Veterans Affairs*, 57 M.S.P.R. 8, 9 (1993) (jurisdiction cannot be conferred by any action or inaction of the parties, and the issue of jurisdiction may be raised at any time in the course of a Board appeal). Moreover, the appellant did not object to OPM's untimely filing below, and it is too late for him to do so on review. *See White v. U.S. Postal Service*, 64 M.S.P.R. 261, 267 (1994). To the extent that the appellant is arguing that the

motion to dismiss that accompanied the agency's response was untimely, we disagree. The acknowledgment order required only that a narrative response and copies of all relevant documents be filed within 20 days. IAF, Tab 1 at 6, 13. It did not set a deadline for filing motions.

¶9    The appellant also argues that he missed the telephonic status conference below because he did not receive notice of its scheduling until after it had already passed. PFR File, Tab 1 at 7; IAF, Tabs 5, 8. The appellant informed the administrative judge of this fact and expressed his desire to reschedule the conference so that the parties could discuss settlement options. PFR File, Tab 1 at 7; IAF, Tab 8 at 1. The administrative judge, however, did not do so. PFR File, Tab 1 at 7. We find that the appellant has not established that his substantive rights were prejudiced by the administrative judge's failure to reschedule the status conference. *See Shafer v. Department of the Air Force*, 46 M.S.P.R. 164, 171-72 (1990), *aff'd*, 935 F.2d 280 (Fed. Cir. 1991); *Karapinka v. Department of Energy*, 6 M.S.P.R. 124, 127 (1981) (holding that an administrative judge's procedural error is of no legal consequence unless it is shown to have adversely affected a party's substantive rights). The appellant has not shown that the result of the appeal would have been different had the status conference taken place, and, even if the status conference might have helped to facilitate a settlement, we find that the appellant did not have a substantive right to a settlement.

¶10    To the extent that the appellant is arguing that the administrative judge was biased against him, he must overcome the presumption of honesty and integrity which accompanies administrative adjudicators. PFR File, Tab 1 at 6-7; *Oliver v. Department of Transportation*, 1 M.S.P.R. 382 (1980). An administrative judge's conduct during the course of a Board proceeding warrants a new adjudication only if the administrative judge's comments or actions evidence "a deep-seated favoritism or antagonism that would make fair judgment impossible." *Bieber v. Department of the Army*, 287 F.3d 1358, 1362-63 (Fed. Cir. 2002). We find that

the administrative judge's conduct of the proceedings below does not satisfy this standard.

¶11    Accordingly, we affirm the initial decision's finding that the Board lacks jurisdiction over this appeal.

**NOTICE TO THE APPELLANT REGARDING
YOUR FURTHER REVIEW RIGHTS**

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit.  You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order.  *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012).  If you choose to file, be very careful to file on time.  The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed.  *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the Federal law that gives you this right.  It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012).  You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm.  Additional information is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for your appeal to the Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

FOR THE BOARD: _____

William D. Spencer
Clerk of the Board

Washington, D.C.